No. 2598.—WIDOW CHARLES A. SLACK et al. *v.* EDWARD J. GAY.

Steam boilers, used in a saw mill on a plantation, do not constitute a part of the realty, and the owner may recover them or their value from a purchaser of the place, although he may have paid the vendor their full price In such a case, the vendee is entitled to judgment against his vendor in warranty for the amount he is condemned to pay the owner of the boilers.

APPEAL from Fifth District Court, parish of Iberville. *Posey, J. Samuel Mathews,* for plaintiff and appellant. *Barrow & Pope,* for defendant and appellee. *W. B. Robertson,* for warrantors.

LUDELING, C. J. The plaintiffs allege that, during the year 1866, they loaned to J. Walter Stillwell two steam boilers, which were placed upon the plantation of Mrs. Keep, and were there used in a saw mill; that the defendant was aware of the fact that the boilers did not belong to Mrs. Keep, when she sold the place to him; and they prayed to be declared the owner of said boilers, and that the boilers be delivered to them, or that there be judgment against the defendant for the value of said boilers, with interest and costs of suit.

Gay filed a general denial; alleged that the boilers were attached to the soil, and formed a part of the realty which he bought, etc., and he called his vendor in warranty. Mrs. Keep, called in warranty, denied all the allegations of the plaintiff; claimed to be the owner of the boilers, by different titles derived from Stillwell, and called his legal representative in warranty.

The evidence establishes clearly that the boilers belong to the plaintiff; there is no proof that Mrs. Keep ever acquired any title to them from Stillwell, or any one else.

The evidence in regard to the value of the boilers is conflicting. The estimate placed on them by the witnesses range from $300 to $1000. The owners of the boilers demand that they be delivered to them; while the defendant resists the demand, and claims the right given him by article 499, Civil Code, to pay their value. Under these circumstance, equity would require that we should not adopt the lowest estimate of their value, as the district judge did, but that we should rather allow the full, but fair, value of the boilers. No one should enrich himself at the expense of another. We think $650 should have been allowed.

It is therefore ordered and adjudged that the judgment of the district court be avoided and reversed, and that there be judgment in favor of the plaintiffs against the defendant, Edward J. Gay, for $650, with five per cent. per annum interest from judicial demand; and costs in both courts. It is further ordered that Edward J. Gay have judgment against Mrs. Eliza Keep, his vendor and warrantor, for the like sum, with interest and costs. It is further ordered that the demand of Mrs. Keep against Henry S. Slack, administrator and individually, be rejected, with costs.